FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division.

2014 AUG 29 P 2: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Gong Zheng Jin, )
)
    Plaintiff, )
)
v. ) Case No. 1:14cv1120
) LO/TRJ
John Doe )
)
    Defendant. )

In Re:

| | | | |
|---|---|---|---|
| 001hh.com | 166dd.com | 44sfsf.com | 77spsp.com |
| 003hh.com | 186ai.com | 44smsm.com | 77wuwu.com |
| 105hh.com | 200hh.com | 44spsp.com | 77zizi.com |
| 108hh.com | 212hh.com | 44yeye.com | 818hh.com |
| 10mcc.com | 22baba.com | 44zizi.com | 888aiai.com |
| 111aiai.com | 22gege.com | 500dd.com | 888gggg.com |
| 111qqqq.com | 22hihi.com | 510dd.com | 888pppp.com |
| 115hh.com | 22hphp.com | 511dd.com | 888sasa.com |
| 11gugu.com | 22meme.com | 55bebe.com | 888yyyy.com |
| 11hehe.com | 22nini.com | 55gege.com | 88gege.com |
| 11hihi.com | 22sfsf.com | 55gugu.com | 88gugu.com |
| 11hphp.com | 22smsm.com | 55hihi.com | 88hehe.com |
| 11meme.com | 22wuwu.com | 55hphp.com | 88hihi.com |
| 11nini.com | 22yeye.com | 55meme.com | 88hphp.com |
| 11sfsf.com | 22zizi.com | 55nini.com | 88nini.com |
| 11smsm.com | 33baba.com | 55sbsb.com | 88sbsb.com |
| 11spsp.com | 33gege.com | 55smsm.com | 88smsm.com |
| 11wuwu.com | 33hehe.com | 55spsp.com | 88spsp.com |
| 11yeye.com | 33hihi.com | 55zizi.com | 88wuwu.com |
| 11zizi.com | 33hphp.com | 56xixi.com | 88yeye.com |
| 123456av.com | 33nini.com | 600ai.com | 88zizi.com |
| 130hh.com | 33sfsf.com | 600hh.com | 898hh.com |
| 131hh.com | 33smsm.com | 60mcc.com | 910uu.com |
| 134hh.com | 33spsp.com | 611bo.com | 911dns.com |
| 139ai.com | 33wuwu.com | 666dasege.com | 911uu.com |
| 156ai.com | 33yeye.com | 666mcc.com | 919hh.com |
| 99yeye.com | 33zizi.com | 666mgs.com | 92mcc.com |
| 99zizi.com | 350hh.com | 666nnnn.com | 999aiai.com |
| bt123456.com | 360sose.com | 666yigese.com | 999sasa.com |
| dasege1.com | 380hh.com | 66bebe.com | 99bebe.com |
| jiuqumcc.com | 44gege.com | 66didi.com | 99didi.com |

| | | | |
|---|---|---|---|
| juse666.com | 44hehe.com | 66gege.com | 99gugu.com |
| lebaofu.com | 44hihi.com | 66hehe.com | 99hihi.com |
| mcc-dns.com | 44hphp.com | 66hihi.com | 99hphp.com |
| mgsdh123.com | 44meme.com | 66hphp.com | 99nini.com |
| sasa22.com | 44nini.com | 66jiji.com | 99pupu.com |
| sasa44.com | 777dddd.com | 66nini.com | 99sbsb.com |
| sasa66.com | 777gggg.com | 66sbsb.com | 99smsm.com |
| sasa666.com | 777hhhh.com | 66sfsf.com | 99spsp.com |
| selaoda6.com | 777kkkk.com | 66smsm.com | 99vovo.com |
| selaoda8.com | 77didi.com | 66spsp.com | 99wuwu.com |
| tianyase1.com | 77hihi.com | 66wuwu.com | 777aiai.com |
| tys666.com | 77hphp.com | 66yeye.com | zzz97.com |
| xiaojie1234.com | 77sbsb.com | 66zizi.com | 722dd.com |
| xixi51.com | 77sfsf.com | 688hh.com | 777bbbb.com |
| yigese1.com | 77smsm.com | 699ee.com | yigese2.com |

Complaint

Comes Now Plaintiff Gong Zheng Jin, by counsel, and files this complaint against John Doe.

I. The Parties

1. Plaintiff, Gong Zheng Jin (hereinafter "Zheng Jin") is an individual and resident of Gunagxi Shen, China.

2. Upon information and belief John Doe uses the names of Yinzhong Xie (hereinafter "Xie") and Xiaoqi Huang ("Huang") and is a resident of China. Upon information and belief, John Doe has a mailing address care of Whois Privacy Protection Service, Inc. PO Box 639 Kirkland, Washington 98083 but resides at an unlisted address in Bejing, China, with an email address of dsaasf090801@gmail.com and a telephone number of 86-1380013800. (See page 1 of Exhibit E.) No other contact information for John Doe is available.

2

3. The subject Domain Names, the *res* of this *in rem* action are the domains listed in Exhibit A to this complaint all of which are .COM domains for which the registry is Verisign, Inc., 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166 which is located in this judicial district.

## II. Jurisdiction and Venue over the Subject Matter of this Action

4. This Court has *in rem* jurisdiction over the subject domains pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) insofar as the registry for the domain .com names, Verisign, Inc., is located within this judicial district.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d) as the subject registry Verisign, Inc. has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subjects of the action resides in this district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

## III. Notice

8. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive is being sent to the Defendant at the postal and email address to which there has previously been a response as well as the current WHOIS address on the subject Domain Names which is Whois Privacy Protection Service, Inc. PO Box 639 Kirkland, Washington 98083and dsaasf090801@gmail.com.

9. Plaintiff is providing such notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. §1125(d)(2){A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

IV. Factual Background

10. Zheng Jin registered the 184 Domain Names listed in Exhibit A ("Domains") over the past few years and has owned all of them ever since.

11. The Domain Names are used in numerous ways with some of them being primary websites and others being used to increase the traffic to those websites.

12. An example of one of the Domain Names being used as a primary website is <910UU.COM >, which is a movie related website. (see a true and correct copy of the original website translated into English as Exhibit B, without translation as Exhibit C).

13. The WHOIS records for <910UU.COM > and all of the other domains show that Zheng Jin was the owner of the domain name prior to its theft and that it was renewed through January 12, 2015. (See a true and correct copy of the records attached herein as Exhibit D. See also exhibit F showing renewal through January 12, 2015 and Exhibit I, Declaration of Gong Zheng Jin.)

14. The theft of the password to the eNom accounts occurred sometime after June 11, 2014 and before June 18, 2014.

15. It was on June 18, 2014 Plaintiff realized that his traffic from the Domain Names had plummeted to almost zero.

16. On June 18, 2014 Plaintiff attempted to access his eNom account without success and thus contacted eNom support.

17. eNom support required Mr. Zheng Jin to provide documentation to prove his identity which he did.

18. On June 25, 2014 the Domains were transferred to GoDaddy by Defendant.

19. Mr. Zheng Jin was only able to access his eNom account after the Domains had already been transferred out to Godaddy.

20. Mr. Zheng Jin retained the Law Offices of Greenberg & Lieberman on July 11, 2014.

21. The firm immediately began to prepare the resulting Complaint and motion for a Preliminary Injunction and obtaining all necessary facts.

22. By modifying the DNS to the Domain Names (see Exhibit E), pulling down all of plaintiff's websites, all of Plaintiff's customers are not able to access their online accounts and cannot buy Plaintiff's goods and services.

23. These customers regularly access the webpages, buy products, and now must go to other companies for the same services.

24. As with the example <910UU.COM > there are hundreds of websites that sell movies making the competition to keep customers vigorous.

25. The longer Plaintiff's websites are down the more likely it is that his customers will go to the competition.

IV. Causes of Action

## COUNT I
### Claim for Declaratory Judgment

26. Zheng Jin repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

27. Plaintiff had a contract with eNom for many years for control over the Domains.

28. Defendant's actions have taken control of the subject domains from Zheng Jin.

29. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

## COUNT II
### Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

30. Zheng Jin repeats and reallege all previous statements made herein of this Complaint as if fully set forth herein.

31. Zheng Jin has owned the Domain Names since their registration has used them to promote his businesses for many years and has common law rights in the marks.

32. Zheng Jin, because of the Defendant's actions is being prevented from using and exercising control over the subject Domain Names.

33. Zheng Jin is being harmed through the loss of prospective traffic to his business.

## Count III
### Tortuous Interference with Contractual Relationship

34. Zheng Jin repeats and reallege all previous statements made herein of this Complaint as if fully set forth herein.

35. Zheng Jin properly entered into a contract with eNom, the registrar for the Domain Names before the Domain Names were stolen.

36. Defendant has unlawfully taken control of the subject Domain Names, interfering with Zheng Jin's lawful contract rights as to the Domain Names.

37. As a result of Defendants acts Zheng Jin has been damaged and will continue to be damaged. Zheng Jin requests that this Court declare Defendants liable for its past and any future losses in association with the registration service contract.

Count IV
Conversion

38. Zheng Jin repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

39. Zheng Jin has property rights in the subject Domain Names.

40. The Defendant has taken control of the subject Domain Names and is wrongfully exercising control and authority over the subject Domain Names.

41. The control and authority exercised by the Defendant deprives Zheng Jin of control and the income and business generated from the Domain Names.

42. The Defendant is wrongfully exerting dominion over Zheng Jin's property in denial of his rights.

WHEREFORE, The Plaintiff demands judgment against the Defendant, as follows:

I. Declaring that Gong Zheng Jin is the only entity with any rights to the contract controlling the subject Domain Names as set forth on Exhibit A.

II. Declaring Defendants do not have any rights to the subject Domain Names.

III. ORDERING Verisign to return control of the Domain Names to Gong Zheng Jin and at the eNom registrar.

IV. Granting such other and further relief to Plaintiff Zheng Jin as this Court deems just and proper.

Dated: August 29, 2014

Respectfully Submitted
Gong Zheng Jin
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, D.C. 20007
(202) 625-7000, Fax: 202-625-70001
Stevan@aplegal.com

Counsel to Gong Zheng Jin