IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| GONG ZHENG JIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:14-cv-1120-LO-MSN |
| | ) | |
| 001HH.COM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff Gong Zheng Jin's ("Jin") motion for default judgment (no. 18) for the unlawful transfer of 184 internet domain names[1] (collectively, the "Domain Names"). Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against the defendant Domain Names.

**I. Introduction**

Plaintiff alleges that John Doe engaged in unlawful cybersquatting by illegally transferring the Domain Names in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) ("ACPA"), and seeks *in rem* injunctive relief in the form of a transfer of the Domain Names into the ownership and control of plaintiff.[2] Compl., No. 1. On

---

[1] A list of all 184 defendant Domain Names is attached as Exhibit A to this Report and Recommendation.

[2] Plaintiff's ACPA claim is not artfully pled. Indeed, none of the four counts of the complaint explicitly invokes 15 U.S.C. § 1125(d). However, that section is pled as the basis of jurisdiction and the complaint requests transfer of the domain names as relief. By service pursuant to the ACPA's terms, all interested persons are on notice of this claim, and § 1125(d) provides plaintiff a remedy, all as discussed herein. Further, plaintiff only requests default judgment as to this ACPA claim and requests all remaining

August 29, 2014, plaintiff filed his complaint and on September 4, 2014, sent a copy of the complaint and notice of intent to proceed *in rem* to the postal and email addresses included in the Domain Names' registration records pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). Westreich Decl. 1 ¶ 2, No. 9-1; Compl. ¶ 8. On November 13, 2014, plaintiff filed a Motion for Service by Publication, which this court granted on November 18, 2014. Nos. 8, 13. Pursuant to this court's order and 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), plaintiff caused to be published a copy of the order in *The Washington Times*. Westreich Decl. 2 ¶ 2, No. 15; Publication Aff., No. 14. The order further stated that any answer or response to the complaint was due within twenty days of the date of publication. No answer or other pleading was timely filed in response to the complaint and, on January 28, 2015, the Clerk entered the default of defendant Domain Names. No. 17.

## II. Fact Summary

The following facts are established by plaintiff's complaint and the exhibits attached thereto.

Plaintiff Gong Zheng Jin is an individual and resident of Gunagxi Shen, China. Compl. ¶ 1. Over the past few years, plaintiff has registered and continuously owned the defendant Domain Names, the registry for which is VeriSign, Inc, and operated them through his eNom account. Compl. ¶¶ 3, 10, 13-14 & Ex. E; Jin Decl. ¶ 6, No. 1-1. Since their registration, plaintiff has used the defendant Domain Names to promote his business and has common law rights in the marks. Compl. ¶ 31. Some of them, such as <910UU.com >, a movie-related website, are primary websites, while others are used to direct and increase traffic to the primary websites. Compl. ¶¶ 11-12 & Exs. B-C.

---

claims, including claims for interference with a contractual relationship and conversion, be dismissed without prejudice. Therefore, the magistrate judge recommends that the court treat the complaint as one stating an *in rem* ACPA claim and addresses only that remaining claim herein.

Sometime after June 11, 2014, the password for plaintiff's eNom account was stolen. Compl. ¶ 14. On June 18, 2014, plaintiff noticed that he was no longer able to access this eNom account and that traffic from the Domain Names had decreased significantly becoming almost non-existent. Compl. ¶¶ 15-16. Then, on June 25, 2014, the Domain Names were transferred out of plaintiff's account and into an unknown GoDaddy account; only then was plaintiff able to regain access to his eNom account. Compl. ¶¶ 18-19. Since that time, the websites associated with plaintiff's Domain Names have been "pulled down" and customers are no longer able to access their online accounts or buy plaintiff's goods and services. Compl. ¶ 22. These customers, who would regularly visit plaintiff's websites and buy products, must now go to the competition. Compl. ¶¶ 23-24. The longer plaintiff's websites are down, the more likely it is that customers will go to competition websites for these same services. Compl. ¶ 25.

Because of "John Doe's" actions, plaintiff is being prevented from using and exercising control over the defendant Domain Names and is being harmed through the loss of prospective traffic to his business. Compl. ¶¶ 32-33. As set forth in the WHOIS registry, defendant "John Doe" uses the names Yinzhong Xie and Xiaoqi Huang and resides at an unlisted address in Beijing, China. Compl. ¶ 2. In this situation, therefore, neither plaintiff nor the court can be sure who is the new registrant of the Domain Names. Whoever that person or entity may be, referred to hereafter simply as Registrant, the current registrant has been served by publication pursuant to the ACPA and is in default.

### III. Jurisdiction and Venue

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal statute. There is *in rem* jurisdiction over the Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A), as the Domain Names violate plaintiff's trademarks and plaintiff

cannot obtain personal jurisdiction over Registrant, who appears to be located outside of the United States and does not appear to have sufficient contacts to confer jurisdiction. Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the registry for the Domain Names, VeriSign, Inc., is located within this court's judicial district. And, as described above, plaintiff has properly perfected service by complying with all of the requirements set forth in 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

## IV. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish plaintiff's entitlement to relief and a defendant—or, here, a registrant of domain names—has failed to plead or defend within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp.1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant or registrant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts). Because Registrant has defaulted, the facts set forth in plaintiff's complaint are deemed admitted.

## V. Discussion and Findings

The magistrate judge finds that the well-pled allegations of fact in the complaint establish that Registrant's ownership and use of the Domain Names violate the Anti-Cybersquatting Consumer Protection Act. Accordingly, the magistrate judge finds that plaintiff is entitled to the

sole relief requested in his motion for default judgment, the transfer of the defendant Domain Names to plaintiff.

As a preliminary matter, the ACPA protects both registered and unregistered common-law marks. Jin, as the named registrant of defendant Domain Names, used them in commerce in association with the provision of products and services to internet consumers thereby establishing common law trademark rights in the corresponding marks. Therefore, in this default judgment context the magistrate judge finds that plaintiff possesses common-law trademark rights in distinctive marks that correspond with and are identical to the defendant Domain Names.

As the owner of a protected mark, to establish an anticybersquatting violation plaintiff must allege that Registrant "(i) has a bad faith intent to profit from that mark . . . ; and (ii) registers, traffics in, or uses a domain name that—(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A); *see Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264 (4th Cir. 2001). The magistrate judge applies this two-pronged test to the well-pled allegations of fact in plaintiff's complaint to determine whether, under the ACPA, Registrant violated plaintiff's rights in the defendant Domain Names.

Under the second prong—registers or traffics in a domain name identical or similar to a distinctive mark—Registrant transferred and registered defendant Domain Names, which are identical to plaintiff's distinctive marks, without authorization. This element is therefore easily satisfied. Turning to the first prong—registers with "a bad faith intent to profit from that mark"—courts consider a non-exhaustive list of nine factors to determine bad faith.[3] 15 U.S.C.

---

[3] The relevant portion of the statute reads as follows:
A court may consider factors such as, but not limited to–

5

§ 1125(d)(1)(B)(i); *see Venetian Casino Resort, LLC v. Venetiangold.Com*, 380 F. Supp. 2d 737, 740 (E.D. Va. 2005). Having considered these statutorily enumerated factors, the magistrate judge recommends a finding that Registrant transferred and registered the defendant Domain Names with a bad-faith intent to profit from plaintiff's marks.

First, defendant Domain Names do not incorporate either Registrant's name or intellectual property rights and were registered under potentially misleading and inaccurate contact information, satisfying three of the bad-faith factors. Second, Registrant took the Domain Names from plaintiff having made no prior use of them in order to "pull down" plaintiff's websites instead of to engage in bona fide commercial or fair use of the marks, thereby satisfying a further two bad-faith factors. *See Agri-Supply Co., Inc. v. Agrisupply.Com*, 457 F.

---

(I) the trademark or other intellectual property rights of the person, if any, in the domain name;
(II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c) of this section.

15 U.S.C. § 1125(d)(1)(B)(i).

Supp. 2d 660, 663 (E.D. Va. 2006) (finding bad faith and granting default judgment where plaintiff alleged that defendant had "registered confusingly similar domain names in bad faith and with no noncommercial or fair purpose for doing so"). Third, Registrant acquired multiple domain names knowing them to be identical to plaintiff's distinctive marks.

Fourth, Registrant's unauthorized transfer of the Domain Name has prevented plaintiff from using and exercising control over the Domain Names, diverting customers to different websites for commercial gain. Registrant's unauthorized use of the Domain Names causes source confusion as to these websites and causes plaintiff to lose prospective traffic to his business. Registrant further demonstrates bad faith by failing to correct the fraudulent transfer after receiving plaintiff's notice of alleged violations and theft of the Domain Names. By failing to respond to plaintiff's complaint, Registrant concedes that it lacks any right or legitimate interest in either plaintiff's marks or the Domain Names. Accordingly, the well-pled facts of the complaint establish Registrant's bad faith intent to profit from the marks.

Based on the foregoing, the magistrate judge recommends a finding that Registrant's purported ownership and use of the defendant Domain Names violates plaintiff's rights under the ACPA. In an *in rem* cybersquatting action, plaintiff's remedies are limited to either the transfer of the domain names to the owner of the mark or the forfeiture or cancellation of the domain names. 15 U.S.C. § 1124(d)(2)(D)(i); *see Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610 (E.D.Va. 2003) (discussing a court's power to transfer or cancel a domain when the location of the registry is within that judicial district). Here, the defendant Domain Names' registry, VeriSign, Inc., is located within this judicial district and plaintiff has properly perfected service under the ACPA. Accordingly, the court may properly enter a default judgment and order the .com domain name registry, and any relevant domain name registrars, to transfer

ownership of the defendant Domain Names to plaintiff. *See United Press Int'l, Inc.*, No. 1:13-CV-807 (E.D. Va. Oct. 18, 2013).

## VI. Recommendation

The magistrate judge recommends that default judgment be entered *in rem* against defendant Domain Names in favor of plaintiff Gong Zheng Jin and that ownership and control of defendant Domain Names be transferred to plaintiff. To that end, the undersigned further recommends that VeriSign, Inc., be required to transfer ownership of the defendant Domain Names to plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C) and that the district judge enter an order containing the specific language requested by plaintiff on page 3 of his Motion for Default Judgment.

## VII. Notice

Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 7, 2015
Alexandria, Virginia

# EXHIBIT A

| | | | |
|---|---|---|---|
| 001hh.com | 166dd.com | 44sfsf.com | 77spsp.com |
| 003hh.com | 186ai.com | 44smsm.com | 77wuwu.com |
| 105hh.com | 200hh.com | 44spsp.com | 77zizi.com |
| 108hh.com | 212hh.com | 44yeye.com | 818hh.com |
| 10mcc.com | 22baba.com | 44zizi.com | 888aiai.com |
| 111aiai.com | 22gege.com | 500dd.com | 888gggg.com |
| 111qqqq.com | 22hihi.com | 510dd.com | 888pppp.com |
| 115hh.com | 22hphp.com | 511dd.com | 888sasa.com |
| 11gugu.com | 22meme.com | 55bebe.com | 888yyyy.com |
| 11hehe.com | 22nini.com | 55gege.com | 88gege.com |
| 11hihi.com | 22sfsf.com | 55gugu.com | 88gugu.com |
| 11hphp.com | 22smsm.com | 55hihi.com | 88hehe.com |
| 11meme.com | 22wuwu.com | 55hphp.com | 88hihi.com |
| 11nini.com | 22yeye.com | 55meme.com | 88hphp.com |
| 11sfsf.com | 22zizi.com | 55nini.com | 88nini.com |
| 11smsm.com | 33baba.com | 55sbsb.com | 88sbsb.com |
| 11spsp.com | 33gege.com | 55smsm.com | 88smsm.com |
| 11wuwu.com | 33hehe.com | 55spsp.com | 88spsp.com |
| 11yeye.com | 33hihi.com | 55zizi.com | 88wuwu.com |
| 11zizi.com | 33hphp.com | 56xixi.com | 88yeye.com |
| 123456av.com | 33nini.com | 600ai.com | 88zizi.com |
| 130hh.com | 33sfsf.com | 600hh.com | 898hh.com |
| 131hh.com | 33smsm.com | 60mcc.com | 910uu.com |
| 134hh.com | 33spsp.com | 611bo.com | 911dns.com |
| 139ai.com | 33wuwu.com | 666dasege.com | 911uu.com |
| 156ai.com | 33yeye.com | 666mcc.com | 919hh.com |
| 99yeye.com | 33zizi.com | 666mgs.com | 92mcc.com |
| 99zizi.com | 350hh.com | 666nnnn.com | 999aiai.com |
| bt123456.com | 360sose.com | 666yigese.com | 999sasa.com |
| dasege1.com | 380hh.com | 66bebe.com | 99bebe.com |
| jiuqumcc.com | 44gege.com | 66didi.com | 99didi.com |
| juse666.com | 44hehe.com | 66gege.com | 99gugu.com |
| lebaofu.com | 44hihi.com | 66hehe.com | 99hihi.com |
| mcc-dns.com | 44hphp.com | 66hihi.com | 99hphp.com |
| mgsdh123.com | 44meme.com | 66hphp.com | 99nini.com |
| sasa22.com | 44nini.com | 66jiji.com | 99pupu.com |
| sasa44.com | 777dddd.com | 66nini.com | 99sbsb.com |
| sasa66.com | 777gggg.com | 66sbsb.com | 99smsm.com |
| sasa666.com | 777hhhh.com | 66sfsf.com | 99spsp.com |
| selaoda6.com | 777kkkk.com | 66smsm.com | 99vovo.com |

Exhibit A

| selaoda8.com | 77didi.com | 66spsp.com | 99wuwu.com |
| tianyase1.com | 77hihi.com | 66wuwu.com | 777aiai.com |
| tys666.com | 77hphp.com | 66yeye.com | zzz97.com |
| xiaojie1234.com | 77sbsb.com | 66zizi.com | 722dd.com |
| xixi51.com | 77sfsf.com | 688hh.com | 777bbbb.com |
| yigese1.com | 77smsm.com | 699ee.com | yigese2.com |